NOT DESIGNATED FOR PUBLICATION

No. 121,625

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD L. CORBITT SR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed April 17, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Ronald Corbitt received probation following his conviction for possession of methamphetamine. After sentencing, Corbitt served six jail and prison sanctions for violating various probation requirements. Then Corbitt admitted to another violation, this time for getting kicked out of a substance-abuse treatment program for saying that he was waiting to get off probation so he could start dealing drugs again. Rather than impose another sanction, the district court revoked Corbitt's probation and ordered him to serve his underlying 17-month prison sentence. Corbitt appealed. On Corbitt's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

1

On appeal, Corbitt argues that the district court abused its discretion in revoking probation and ordering him to serve his prison sentence rather than reinstating probation. The district court's decision to revoke Corbitt's probation must be based on a factual finding that he violated a condition of probation. Here, Corbitt admitted the violation so this requirement is satisfied. Once a violation has been established, the decision to revoke probation is within the district court's sound discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

The exercise of judicial discretion is limited by the statute governing probation revocation. Under K.S.A. 2018 Supp. 22-3716(b)-(c), which was in effect when the district court revoked Corbitt's probation, the district court had to impose intermediate sanctions before imposing the defendant's prison term. Here, Corbitt had already served the intermediate sanctions required by the statute before revoking Corbitt's probation and ordering him to serve his underlying sentence. So the sole remaining issue is whether the district court abused its discretion in its ruling. Corbitt alleges no factual or legal error in the district court's decision. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

We find nothing unreasonable about the district court's decision to revoke Corbitt's probation. Corbitt had violated probation numerous times. On each occasion the district court gave him every opportunity to succeed on probation, often imposing a lesser intermediate sanction rather than the next graduated sanction. Corbitt's latest violation was for making statements during substance-abuse treatment that he was waiting to get off probation so he could deal drugs again. This statement clearly demonstrates that Corbitt was not a good candidate for continued probation. The district court did not abuse its discretion in revoking Corbitt's probation and imposing his underlying 17-month prison sentence.

Affirmed.